**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  vs.                                Case No. 04-CR-228

**MARK LUBINSKY**

      **Defendant.**

### ORDER

This matter coming before the court by letter submission to the Court with previous notice to the Government for discovery of computer equipment, drives, discs and images for analysis by the defendant's expert, and the court having considered the need for review of the records and files and images therein, finds good cause appearing for issuance of an order;

The defendant, by counsel **The Law Offices of Thomas J. Awen and Gimbel, Reilly, Guerrin & Brown**, have hired a computer expert, Stephen Odenthal, Odenthal Investigations, L.L.C., to examine the evidence and render an opinion regarding this matter. The information contained in the evidence contains or is alleged to contain child pornography. Pursuant to 18 U.S.C., Sec. 2252A(a)(2)(A) whoever knowingly, received visual depictions that had been mailed, shipped, & transported in interstate & foreign commerce is guilty of a federal crime. Furthermore; pursuant to Sec. 948.12, Wis. Stats., whoever possesses any recording of a

child engaged in sexually explicit conduct is guilty of a felony. It is necessary that both expert and defense counsel possess and view the evidence;

**IT IS HEREBY ORDERED:**

1. That the defendant's computer expert *Stephen Odenthal, Odenthal Investigations, L.L.C.*, be allowed to obtain and have in his possession the evidence of this case, for purposes of reviewing and rendering an opinion. The evidence shall include, but not be limited to all images and pictures, all EnCase image files from the hard drive(s) in question, or any copies on disk or CD retrieved from the hard drive(s). That defense counsel and the defense expert shall be permitted reasonable access to defendant's original computer system for viewing and visual inspection;

2. This order hereby exempts Stephen Odenthal from criminal prosecution for possessing said alleged child pornography, as it relates to the above captioned matter, for professional purposes;

3. That the defense counsel, **The Law Offices of Thomas J. Awen and Gimbel, Reilly, Guerrin & Brown** be allowed to have in their possession any and all evidence of this case, including the above referenced items.

4. This order hereby exempts **The Law Offices of Thomas J. Awen and Gimbel, Reilly, Guerrin & Brown** from criminal prosecution for the possession of the alleged child pornography as it relates to the above captioned matter and their possession of evidence in this case for purposes of preparing for the and providing a legal defense to the defendant;

5. That the Government, by its agents or designee, including but not limited to the Federal Bureau of Investigation shall provide defendant's counsel with bit by bit (also known

as mirror image or EnCase E01 files) copies of hard drives from all computers seized in this case and copies of any zip disks, CD's or other computer media seized in this case, necessarily including any and all child pornography and/or contraband contained hereon, That in connection with the provision of such copies, defense counsel will furnish the Government, by its agents or designee, including but not limited to the Federal Bureau of Investigation with blank hard drives and/or other necessary computer media onto which the mirror image copies will be replicated so that they function as readily as the original;

6. That the bit by bit mirror image copies referenced above (herinafter the "Mirrored Drives") shall be maintained by defense counsel and/or any expert retained by the defense in a secure area not accessed by other persons not involved in this case, accordance herewith and shall be used by counsel and/or the expert solely and exclusively in connection with this case (including trial preparation, trial and appeals or other related legal proceedings) and for no other purposes;

7. That the data contained on the Mirrored Drives may be accessed and viewed only by defense counsel, the defense expert and defense investigators;

8. That the defendant is not be permitted to access or view any graphic image file containing actual or alleged child pornography which have been obtained from the government pursuant to this order, without petition to and further order of the court; however, defendant may access and view non-image data on the Mirrored Drives at counsel's offices for the purpose of assisting counsel and under the direct supervision and control of counsel;

9. That the computer into which the Mirrored Drives may be inserted for access and operation shall not be connected to a network while the Mirrored Drives are installed.

10. That the computer into which the Mirrored Drives are inserted may be connected to a printer only on the following terms and conditions; ( a ) - that any printer utilized

is a local printer; ( b ) that such printer may be connected only when and as necessary to print non-graphic image files (text files, log files, directory trees, etc.); ( c ) that defense counsel or a defense investigator shall be personally present at all times a printer is connected;

11. That in no event shall any graphic image file containing child pornography or which may reasonably be construed as constituting child pornography be copied, duplicated or replicated, in whole or part, onto any external media including, but not limited to, paper, floppy disk, CD-ROM, DAT tape, zip disk, or other media, aside from this court's order that the Eastern District of Wisconsin provide to the defense a duplicated copy of the CD drive, or printouts, which contain alleged child pornography;

12. That the Mirrored Drives shall be maintained by defense counsel and/or the defense expert in a secure locked file or cabinet at all times except when being actively utilized as provided herein;

13. That a copy of this order shall be kept with the Mirrored Drives at all times;

14. That upon termination of this case the parties shall agree upon and execute procedures which will result in the non-recoverable destruction, without damage to the hardware, of all data on the Mirrored Drives, and on all computer components used to examine such data and any reproductions made. The physical hard drives, computers, and computer components, once the data have been removed, shall remain the property of defense counsel or the defense expert;

15. That any dispute as to the appropriate data destruction procedure will be resolved by the court;

16. That upon termination of this matter and data destruction as provided for herein, defense counsel shall file a brief report with the court, with a copy to government

counsel, specifying that the terms of this order have been complied with and reporting the occurrence of the referenced data destruction;

                        SO ORDERED:

                        s/ Rudolph T. Randa
                        Hon. Rudolph T. Randa
                        Chief Judge